Luis Rubert Catalá, etc., Plaintiff and Appellant, v. Ignacio Cabo, Defendant and Appellee.

No. 6536. Argued November 27, 1933.—Decided December 1, 1933.

*Luis Toro Cabañas* for appellant.    *M. Acosta Velarde* for appellee.

Mr. Chief Justice Del Toro delivered the opinion of the Court.

On July 19 last this Supreme Court affirmed the judgment rendered in this case by the District Court of San Juan whereby the action was dismissed, with costs against the plaintiff, and such affirmance was notified to the district court on the 31st of the same month of July. On the following August 4, the prevailing party filed his memorandum of costs which included twelve items amounting to $1,748.95. Ten days afterward the losing party objected to the memorandum (1) because it had been prematurely filed, (2) because the charge of $150 as fees for the two experts who testified at the trial was improper, (3) because the expense item of $75.00 for some photographs and a plan introduced in evidence was not reimbursable, and (4) because the $1,500 claimed for attorney's fees constituted an unreasonable, arbitrary, and excessive amount.

The trial court heard both parties, decided that the memorandum had been filed in time, eliminated the item of $150 for expert's fees, and that of $75 for photographs and a plan, reduced to $800 the item for attorney's fees, and with those modifications approved the memorandum on the 6th of last October.

Feeling aggrieved by that decision, the plaintiff appealed to this Supreme Court, and filed the transcript of the record on November 14, 1933. On the 17th, the appellee moved for a dismissal of the appeal, and the motion was heard on the 27th.

We think that the appellee is right. The dismissal lies, and the appeal being clearly frivolous, the case falls within the rule established, among others, by the decisions in *Schlüter* v. *Villafañe*, 41 P.R.R. 305 and *Banco Comercial* v.

*Perales,* 38 P.R.R. 165, it being unnecessary to wait for the expiration of the ninety days referred to in Rule 59 of this Supreme Court, in order to dismiss the appeal.

The memorandum was filed in time. In the case of *Bauzá* v. *Colón Medina,* 38 P.R.R. 369, this court said:

"The appellant assigns three errors:

"It is contended in the first that the court erred in holding that the memorandum was presented in time.

"It has no basis whatever. It is true that the memorandum was not presented as required by section 339 of the Code of Civil Procedure as amended in 1917, *i. e.,* within the ten days following the expiration of the time allowed for appealing; but it is true also that an appeal having been taken from the judgment, it was filed within the ten days following official notification of the decision of the Supreme Court, as required by the same statute."

Here the judgment of the Supreme Court affirming that of the district court which adjudged the plaintiff to pay costs was rendered, as stated before, on July 19, 1933, the mandate was received by the district court on the 31st of the same month, and the memorandum was filed the following August 4, that is, within the 10 days following the receipt of the mandate. See section 339 of the Code of Civil Procedure, as amended by Act No. 15 of 1917 (Session Laws, Vol. II, p. 228) and the cases of *Morales* v. *Cruz,* 36 P.R.R. 174, *Royal Bank* v. *Goyco, et al.,* 36 P.R.R. 80, *Noriega & Alvarez* v. *N.Y. & P.R.S.S. Co.,* 33 P.R.R. 528, and *Empresa Teatral Ponceña et al.* v. *Mun. of Ponce et al.,* 30 P.R.R. 499.

There is no basis for determining whether or not the attorney's fees are excessive. The transcript filed in connection with this appeal does not include the record of the main action, and according to what the judge says in the order appealed from, he was justified in fixing the amount granted. It was an action for the division of an urban property owned in common and estimated to be worth $20,000. It was a long and complicated suit, and at the hearing of the memorandum of costs the parties stipulated that the

attorney for the defendant, Acosta Velarde, would testify that besides the professional work shown by the record, he had made a study of all the entries and records in the registry of property regarding the property in question, as detailed in a certificate introduced in evidence. Under those circumstances, it must be concluded that the district court did not abuse its discretion in allowing the sum of $800 as attorney's fees.

The appeal must be dismissed as frivolous.